UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAFAEL RIVERA, <br><br>   Petitioner, <br><br> v. <br><br> JEFFREY A. UTTECHT, <br><br>   Respondent. | CASE NO. C11-5693 RJB <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS |

This matter comes before the Court on the Report and Recommendation of Magistrate Judge J. Richard Creatura. Dkt. 20. The Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed and that a certificate of appealability be denied. *Id*. Petitioner has filed objections to the Report and Recommendation. Dkt. 23. The Court has considered the relevant documents and conducted a *de novo* review of the record.

**INRODUCTION AND BACKGROUND**

Petitioner was convicted by jury trial of five counts of child molestation. The Thurston County Superior Court sentenced him to five concurrent sentences of 198 months to life. After

pursuing state remedies, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 with this Court. Dkt. 5.

Petitioner raises eight grounds for relief: (1) Fourth Amendment exclusionary rule; (2) Deliberate withholding of evidence; (3) Denial of ability to present witnesses; (4) Ineffective assistance of counsel; (5) Newly discovered evidence; (6) Right to confront his accusers and present a defense; (7) Compulsory process; and (8) Due Process right to fair trial. Dkt. 5.

The Magistrate Judge concluded that an evidentiary hearing was unnecessary as Petitioner's claims rely on established rules of constitutional law. Further, there are no factual issues that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Dkt. 20 p. 7.

The Petitioner agreed with Respondent that the grounds for relief (5) and (8) were procedurally barred and they were not addressed by the Magistrate Judge. Dkt, 12 p. 8; Dkt. 17 p. 2; Dkt. 20 p. 6.

The claim of ineffective assistance of counsel was also found to be procedurally barred. Dkt. 20 pp. 12-14. In the alternative, the Magistrate Judge considered the issue on the merits and found Petitioner failed to show that counsel was ineffective or that the decision of the state court was objectively unreasonable. Dkt. 20 pp. 14-18. The Magistrate Judge found remaining five grounds for relief do not meet the standard for habeas corpus relief. Dkt. 20 pp. 7-11, 19-21.

The Magistrate Judge further found that Petitioner was not entitled to a certificate of appealability because he failed to demonstrate that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Dkt. 20 p. 20.

Petitioner objects to all adverse rulings in the Report and Recommendation, restating his prior arguments. Dkt. 23.

## FOURTH AMENDMENT CLAIM

It is not necessary that a petitioner actually litigate the Fourth Amendment claim in state court. Habeas corpus review of such claims is barred so long as the petitioner had the opportunity to litigate the claims in state court. *Stone v. Powell*, 428 U.S. 465, 482 (1976). Despite Petitioner's protestations to the contrary, the record reflects that Petitioner had the opportunity to challenge evidence based on a Fourth Amendment challenge at trial and on appeal. The first ground for relief is dismissed as barred from habeas review.

## WITHHOLDING EVIDENCE CLAIM

The Magistrate Judge found, and the record demonstrates, that the prosecution did not hide or fail to disclose evidence. The ruling of the state court regarding ground for relief number two is not contrary to, and does not involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Further, the decision is not based on an unreasonable determination of the facts in light of the evidence presented to the state courts. This ground for relief is denied.

## ABILITY TO PRESENT WITNESSES

The Magistrate Judge found Petitioner's assertions that he was denied the ability to present witnesses patently without merit. The record supports this conclusion. The request for relief in ground three is denied.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The Magistrate Judge found that Petitioner failed to fairly present his ineffectiveness claim to the state courts and the claim is now procedurally barred. Dkt. 20 pp. 12-14. In the

alternative, as thoroughly reviewed and detailed in the Report and Recommendation, the Magistrate Judge found that Petitioner failed to show that counsel was ineffective or that the decision of the state court was objectively unreasonable. Dkt. 20 pp. 14-18. Petitioner's objections to this finding are unpersuasive. The claim of ineffective assistance of counsel is denied.

### RIGHT OT CONFRONT ACCUSERS AND PRESENT A DEFENSE

As detailed in the Report and Recommendation, Petitioner's accusers all testified and were subject to cross examination and Petitioner's ability to subpoena witnesses was not limited. Dkt. 20 p. 19. This ground for relief is without merit and denied.

### RIGHT TO COMPULSORY PROCESS

Petitioner was not denied compulsory process. His counsel indicated to the trial court that the defendant was the only witness the defense was calling. Dkt. 20 p. 20. Petitioner could have called other witnesses if he so chose. None of the rulings made by the state court violate clearly established federal law and the decision was based the evidence presented to the state courts.

### EVIDENTIARY HEARING

Petitioner objects to the lack of an evidentiary hearing on his Fourth Amendment and ineffective assistance of counsel claims. Petitioner's claims are governed by established rules of constitutional law and the facts underlying Petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. An evidentiary hearing is not necessary to decide this case.

**CERTIFICATE OF APPEALABILITY**

A certificate of appealability may issue only if a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner has not met this burden.

**CONCLUSION**

The Court, having reviewed the Report and Recommendation of Magistrate Judge J. Richard Creatura, Objections to the Report and Recommendation, and the remaining record, does hereby find and **ORDER**:

1. The Court adopts the Report and Recommendation (Dkt. 20);

2. The petition (Dkt. 5) is **DENIED** for the reasons stated in the Report and Recommendation.

3. No certificate of appealability is granted.

4. The Clerk is directed to send a copy of this Order to Plaintiff, and to the Hon. J. Richard Creatura.

Dated this 25th day of June, 2012.

*[signature]*

ROBERT J. BRYAN
United States District Judge